UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUANITA LANE, | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) Civil Action No. 25-CV-13741-AK ) ) |
| PLANNED PARENTHOOD, GREATER BOSTON HEALTH CENTER, and FELICIA GREEN, | ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

**KELLEY, D.J.**

Plaintiff Luanita Lane, who is self-represented, brings this action in which she alleges that Defendants gave her "babies to another woman to produce" following an abortion. [Dkt. 1 at 4]. Lane has also filed a motion for leave to proceed *in forma pauperis*. [Dkt. 2]. For the reasons set forth below, the Court **GRANTS** the *in forma pauperis* motion and this action is **DISMISSED**.

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The Court **GRANTS** the motion for leave to proceed *in forma pauperis*. [Dkt. 2].

**II.    REVIEW OF THE COMPLAINT**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, prior to the issuance of any summons the Court conducts a preliminary review of the complaint. The Court may dismiss the complaint upon a determination that the pleading is malicious or frivolous, seeks monetary damages from a party that is immune from such relief, or fails to state

a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).  As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. Axcella Bldg. Realty Tr, v. Thompson, No. 23-CV-40151-DHH, 2024 WL 474539, at *2 n.2 (D. Mass. Jan. 25, 2024). Regardless of a plaintiff's belief of the importance of her lawsuit, "in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  Further, the Court may consider any jurisdictional issues. See, e.g., Sinapi v. R.I. Bd. of Bar Exam'rs, 910 F.3d 544, 549 (1st Cir. 2018) ("A district court generally has the obligation, when there is any question, to confirm that it has subject matter jurisdiction prior to considering the merits of the underlying controversy.").  In conducting this review, the Court liberally construes the complaint because Lane is representing herself. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Lane prepared her Complaint [Dkt. 1] using a standardized form offered by the Administrative Office of the United States Courts for the convenience of pro se parties.  Under the heading, "Basis for Jurisdiction," the plaintiff is asked to identify if the claim is a federal question or if diversity of citizenship is the basis for jurisdiction.  If the basis for jurisdiction is a federal question, the plaintiff is asked to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." [Id. at 3]. Under the heading "Statement of Claim," the litigant is instructed to "[w]rite a short and plain statement of the claim," "[s]tat[ing] as briefly as possible the facts showing that [the] plaintiff is entitled to the damages or other relief sought." [Id. at 4].  The litigant is directed to "[s]tate how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct." [Id.]

Turning to Lane's Complaint, she failed to identify any federal statute, treaty, or provision of the United States Constitution that is at issue in the case. [Id. at 3]. Similarly, Lane's statement of her claim lacks any arguable basis in law or fact. According to Lane, "I was told I am a legal population provider, and I had 9 abortion[s] at [a] Planned Parenthood clinic, I was told all of my 9 abortion children has been produced, and birth, and being used to make the population in this state and other states." [Id. at 4]. Lane has failed to identify the source of jurisdiction and her pleading does not set forth a claim that has an arguable basis in law or in fact. Further, in light of the nature of the claim asserted, the Court finds that amendment of the Complaint would be futile. Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is clear that the plaintiff cannot prevail and that amending the complaint would be futile).

### III.   CONCLUSION

For the reasons set forth above, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* [Dkt. 2] is **GRANTED**.
2. This action is **DISMISSED**.

**SO ORDERED.**

Dated: January 14, 2026                              /s/ Angel Kelley
                                                             Hon. Angel Kelley
                                                             United States District Judge